125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cleveland SHORTMAN, Defendant-Appellant.
 No. 97-10054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-95-00083-1-EHC; Earl D. Carroll, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cleveland Shortman appeals his jury conviction for involuntary manslaughter in Indian country, in violation of 18 U.S.C. §§ 1112 and 1153, following collision of Chester Kent's vehicle with Shortman's stalled pickup truck, which resulted in Kent's death. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Shortman contends that the district court abused its discretion by admitting evidence of other acts pursuant to Federal Rule of Evidence 404(b). Specifically, he challenges the admission of evidence that in November of 1993 Shortman operated the same truck while intoxicated because this evidence is unrelated to a material element of the offense and only demonstrated Shortman's propensity to drink and drive.
 
 
 4
 We review a district judge's decision on admissibility pursuant to Rule 404(b) for abuse of discretion. See United States v. Corona, 34 F.3d 876, 881 (9th. Cir.1994). We apply a four-part test to determine whether evidence was properly admitted under Rule 404(b): (1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged. See United States v. Avers, 924 F.2d 1468, 1473 (9th Cir.1991). "Furthermore, like all evidence, in order to be properly admitted, other-acts evidence must be relevant and its probative value must not be substantially outweighed by unfair prejudice." United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir.1993).
 
 
 5
 On the night of March 5, 1993, Cleveland Shortman was in his truck in the wrong lane of traffic with its headlights off, at night, on a poorly lit road on the Navajo Indian Reservation just South of Page, Arizona. Chester Kent drove his automobile into Shortman's truck and died. Shortman had a blood alcohol level (BAC) of .25 when tested by police the morning after the accident. At trial, the government introduced evidence that in November 1993, Shortman was stopped for driving with a BAC of .32.
 
 
 6
 The district court did not abuse its discretion by admitting this evidence. See Corona, 34 F.3d at 882. At trial, the evidence was sufficient to show that Shortman was driving while intoxicated in November 1993. See Avers 924 F.2d at 1473. Officer Carl Peterson testified that he performed sobriety tests on Shortman in November of 1993. Although Shortman had a BAC of .32, he was able to identify himself, was awake and responsive, and told Peterson that he was very drunk but that his ability to drive was unaffected. The November stop was not too remote in time because it occurred eight months after Shortman's accident with Kent. See Corona, 34 F.3d at 881 (holding that subsequent act eleven months later was not too remote to be admissible). Additionally, the November act is similar to Shortman's conduct in March. See Ayers, 924 F.2d at 1424. The evidence presented at trial showed that Shortman was inside his car while intoxicated.
 
 
 7
 Finally, the November evidence was relevant to the main issue of whether Shortman was responsible for Kent's death because he was the driver of the truck. See id. at 1473. In his opening statement, Shortman strongly insinuated that he was passed out at the time of the accident. During his cross examination of Mr. Watkins, a criminalist specializing in alcohol and toxicology, Shortman questioned extensively on tolerance. After this questioning, the district court ruled that Shortman's alcoholic history was relevant, and that tolerance was a major issue in the case.
 
 
 8
 As a part of its effort to prove that Shortman was the driver, the government brought in the subsequent November evidence to show that Shortman had a high enough tolerance for alcohol that he was able to drive his truck at a BAC of .32, therefore, he could have driven his truck at the lower BAC of .25. By incorporating tolerance into his defense, and by questioning Watkins extensively on tolerance, Shortman made it a material issue in this case. Accordingly, the district court did not abuse its discretion by admitting the evidence under Fed.R.Evid. 404(b). See Corona, 34 F.3d at 882.
 
 
 9
 Shortman contends that even if his subsequent act was relevant, the district court abused its discretion by not excluding this evidence because it was more prejudicial than probative. Shortman argues that, evidence of drunk driving is a political and emotional "hot button" that has a "visceral impact that far outweighs [its] probative value."
 
 
 10
 Here the government explained that the November evidence was relevant to dispute Shortman's contention that he could not have been the driver of the truck because of his low tolerance. See Brooke, 4 F.3d at 1485 (explaining that the government must articulate an evidentiary hypothesis to support the admissibility of other acts evidence). Given the extent of discussion during trial about Shortman's tolerance, the subsequent evidence made it more probable that Shortman could drive when his BAC was .25. See Fed.R.Evid. 401 (explaining that evidence must affect the probability of a consequential fact). While this evidence was prejudicial, the district court did not abuse its discretion by admitting it. See Corona 34 F.3d at 881 (subsequent possession of drug lists were admissible to show knowledge and intent). In addition, the district court minimized possible prejudice by providing a limiting instruction twice directing the jury to consider the November evidence only to determine the effect of alcohol on Shortman and his response to it. See Avers, 924 F.2d at 1474 (subsequent act admissible to show intent where limited by jury instruction).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Shortman's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3